IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN RIVERA-MERCADO

Plaintiff

vs                                                                                    CIVIL 10-2273CCC

CENTRO JUDICIAL DE SAN JUAN

Defendant

**ORDER**

Petitioner Edwin Rivera-Mercado filed the present habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 28, 2010 (**docket entry 4**), attacking the judgment and sentence imposed by the Commonwealth of Puerto Rico Court of First Instance, San Juan Part ("Commonwealth Court") on April 26, 2005. According to the information provided by Rivera-Mercado in his Petition, he was sentenced to serve twenty-four (24) years of imprisonment after the Commonwealth Court found him guilty following a bench trial of having violated Articles 9 and 105 of Puerto Rico's Penal Code. Defendant further informs in his Petition that he "submitted a legal motion . . . by the Rule 192.1 of Criminal Procedure of Puerto Rico" (Petition, at p. 6), for which "the Court at present, do not emit a final answer." Id.

A petition for writ of habeas corpus may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the

CIVIL 10-2273CCC                              2

right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The current structure of the Puerto Rico habeas corpus relief statutes is quite similar to the federal framework provided by 28 U.S.C. §§ 2254 and 2255. See 34 L.P.R.A. §§ 1741 and 1742. A prerequisite to state habeas corpus relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. Rodríguez v. Warden, 791 F.Supp. 41, 42 (D.P.R. 1992). As such, the prisoner must first seek post-conviction collateral relief under Rule 192.1, which provides that "[a]ny person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." 34 L.P.R.A. App. II, Rule 192.1. Thereafter, the order entered by the Commonwealth Court is appealable to the appeals court, and subsequently to the Supreme Court of Puerto Rico. Id. After said remedy has been exhausted, the prisoner must then seek habeas relief in the state courts prior to filing a petition for federal habeas relief. Díaz–Castro v. Román–Román, 683 F.Supp. 2d 189, 192 (D.P.R. 2010); see also 34 L.P.R.A. § 1741 ("No judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the [Puerto Rico] Rules of Criminal Procedure.").

In the present case, it is apparent from the habeas corpus petition itself that the Rule 192.1 motion filed by Petitioner is still pending adjudication in the Commonwealth court. If petitioner is unsatisfied with the Commonwealth Court's eventual ruling on his Rule 192.1 motion, he may then appeal that ruling to the Commonwealth's Court of Appeals, and subsequently to the Supreme Court of Puerto Rico. After said state remedy has been

CIVIL 10-2273CCC                                       3

exhausted, petitioner may seek habeas relief at the state court level before seeking federal habeas relief.  Thus, petitioner has failed to exhaust all available state remedies, depriving the Court of jurisdiction over the present case.  While dismissal of petitioner's federal habeas corpus petition is in order, it shall be without prejudice because the exhaustion of state remedies requirements "'does not usually foreclose, but only postpones federal relief.'" Díaz–Castro, 683 F.Supp. 2d at 193 (quoting Camacho v. Commonwealth of P.R., 343 F.Supp. 2d 63, 65 (D.P.R. 2004)).

Accordingly, for the reasons stated, the 28 U.S.C. § 2254 Petition filed by Edwin Rivera-Mercado on December 28, 2010 (**docket entry 4**) is ORDERED DISMISSED, WITHOUT PREJUDICE.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on February 9, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge